## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ACER AMERICA CORPORATION,<br>AU OPTRONICS CORPORATION,<br>AU OPTRONICS CORPORATION AMERICA,<br>BENQ AMERICA CORP.,<br>BENQ USA CORP.,<br>CHUNGHWA PICTURE TUBES, LTD.,<br>DENMOS TECHNOLOGY INC.,<br>NOVATEK MICROELECTRONICS<br>  CORPORATION, LTD.,<br>RENESAS TECHNOLOGY CORP.,<br>RENESAS TECHNOLOGY AMERICA, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 6:07cv125<br><br>JURY TRIAL DEMAND |
| and, | ) |
| QUANTA DISPLAY, INC. | ) |
| Defendants. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. for their Complaint against Defendants, hereby allege as follows:

### Nature of the Action

1.  This is an action for the infringement of a United States patent.

## The Parties

2. Plaintiff Honeywell International Inc. ("Honeywell International") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morristown, New Jersey.

3. Plaintiff Honeywell Intellectual Properties Inc. ("HIPI") is a corporation organized and existing under the laws of Arizona with its principal place of business in Tempe, Arizona. (Honeywell International and HIPI will be referred to collectively as "Honeywell.")

4. Upon information and belief, Defendant Acer America Corporation ("Acer") is a California corporation with its principal place of business in San Jose, California.

5. Upon information and belief, Defendant AU Optronics Corporation ("AUO Taiwan") is a Taiwanese corporation having its principal place of business in Hsinchu, Taiwan.

6. Upon information and belief, Defendant AU Optronics Corporation America ("AUO America") is a California corporation having its principal place of business in Round Rock, Texas. (AUO Taiwan and AUO America will be referred to collectively as "AUO.") Also upon information and belief, Defendant AUO Taiwan has acquired Defendant Quanta Display, Inc.

7. Upon information and belief, Defendant BenQ America Corp. ("BenQ America") is a California corporation with its principal place of business in Irvine, California.

8. Upon information and belief, Defendant BenQ USA Corp. ("BenQ USA") is a California corporation with its principal place of business in Irvine, California. (BenQ America and BenQ USA will be referred to collectively as "BenQ.")

9. Upon information and belief, Defendant Chunghwa Picture Tubes, Ltd. ("CPT") is a Taiwanese corporation having its principal place of business in Taoyuan, Taiwan.

10. Upon information and belief, Defendant DenMOS Technology Inc. ("DenMOS") is a Taiwanese corporation having its principal place of business in Hsinchu, Taiwan.

11. Upon information and belief, Defendant Novatek Microelectronics Corp., Ltd. ("Novatek") is a Taiwanese corporation with its principal place of business in Hsinchu, Taiwan.

12. Upon information and belief, Defendant Renesas Technology Corp. ("Renesas Japan") is a Japanese corporation with its principal place of business in Tokyo, Japan.

13. Upon information and belief, Defendant Renesas Technology America, Inc., ("Renesas America") is a Delaware corporation with its principal place of business in San Jose, California.  (Renesas Japan and Renesas America will be referred to collectively as "Renesas.") Also upon information and belief, Defendant Renesas has acquired U.S. Hitachi Semiconductor (America), Inc. and is the successor in interest to U.S. Hitachi Semiconductor (America), Inc.

14. Upon information and belief, Defendant Quanta Display, Inc. ("QDI") is a Taiwanese corporation with its principal place of business in Taoyan, Taiwan.

## Jurisdiction and Venue

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a).

16. Personal jurisdiction over Defendants comports with the United States Constitution and § 17.041-.045 of the Texas Civil Practice and Remedies Code because Defendants have committed and continue to commit acts of direct and indirect patent infringement in this district as alleged in this Complaint.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**Background to the Action**

18. United States Patent No. 5,041,823, (the "'823 Patent") was duly and legally issued by the United States Patent and Trademark Office on August 20, 1991. The '823 Patent claims technology that reduces or eliminates the perception of flicker in flat panel liquid crystal displays ("LCD"). A copy of the '823 Patent is attached hereto as Exhibit 1.

19. The technology patented by the '823 Patent is now embodied in many end-products in the market place that include LCD screens.

20. Honeywell has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented product, including the right to bring this action for injunctive relief and damages.

**Acts Giving Rise to the Action**

21. Upon information and belief, Acer has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD end-products throughout the United States, including in this judicial district.

22. Upon information and belief, BenQ has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD end-products throughout the United States, including in this judicial district.

23. Upon information and belief, AUO has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD modules throughout the United States and in this judicial district. In addition, AUO has been and is engaged in the manufacture, importation, offer for sale and/or sale of LCD modules which are incorporated into LCD end-products that are sold, with the knowledge and intention of AUO, throughout the United States, including in this judicial district.

24. Upon information and belief, CPT has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD modules throughout the United States and in this judicial district. In addition, CPT has been and is engaged in the manufacture, importation, offer for sale and/or sale of LCD modules which are incorporated into LCD end-products that are sold, with the knowledge and intention of CPT, throughout the United States, including in this judicial district.

25. Upon information and belief, QDI has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD modules throughout the United States and in this judicial district. In addition, QDI has been and is engaged in the manufacture, importation, offer for sale and/or sale of LCD modules which are incorporated into LCD end-products that are sold, with the knowledge and intention of QDI, throughout the United States, including in this judicial district.

26. Upon information and belief, DenMOS has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD drivers that are especially made to operate with and be incorporated in LCD modules, with the knowledge and intention that such LCD drivers would be incorporated into LCD modules and LCD end-products and sold throughout the United States, including in this judicial district. DenMOS's LCD drivers are found in such LCD end-products as laptop computers and desktop computer monitors.

27. Upon information and belief, Novatek has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD drivers that are especially made to operate with and be incorporated in LCD modules, with the knowledge and intention that such LCD drivers would be incorporated into LCD modules and LCD end-products and sold

throughout the United States, including in this judicial district. Novatek's LCD drivers are found in such LCD end-products as laptop computers and desktop computer monitors.

28. Upon information and belief, Renesas has been and is engaged in the manufacture, importation, offer for sale, and/or sale of LCD drivers that are especially made to operate with and be incorporated in LCD modules, with the knowledge and intention that such LCD drivers would be incorporated into LCD modules and LCD end-products and sold throughout the United States, including in this judicial district. Renesas's LCD drivers are found in such LCD end-products as laptop computers and desktop computer monitors.

29. At least some of the LCD drivers, LCD modules and/or LCD end-products manufactured, imported, offered for sale, and/or sold by Acer, BenQ, AUO, CPT, QDI, DenMOS, Novatek, and Renesas infringe the '823 Patent literally and/or under the doctrine of equivalents, making Acer, AUO, CPT, BenQ, QDI, DenMOS, Novatek, and Renesas liable for direct and/or indirect infringement under 35 U.S.C. § 271.

30. The manufacture, importation, offer for sale, or sale of these infringing devices by Acer, BenQ, AUO, CPT, QDI, DenMOS, Novatek, and Renesas has been and is willful, warranting a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling Honeywell to treble damages and an award of attorneys' fees against Acer, BenQ, AUO, CPT, QDI, DenMOS, Novatek, and Renesas.

## COUNT 1

**INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT ACER**

31. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 30 and incorporates them by reference.

32.     Upon information and belief, Defendant Acer has made, used, sold, offered for sale, and/or distributed in the United States LCD end-products that include LCD modules that infringe at least one claim of the '823 Patent.  Such LCD end-products include as least the Aspire 1710 notebook computer and the AL 1722 monitor.

33.     In addition to the Aspire 1710 notebook computer and the AL 1722 monitor, all Acer end-products that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD module included in the Aspire 1710 notebook computer infringe one or more claims of the '823 Patent.  In addition, all Acer LCD monitors that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the AL 1722 monitor infringe one or more claims of the '823 Patent.

34.     In addition, all Acer LCD end-products that include an LCD module manufactured by defendant QDI with the model number QDI17EL07, or that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD module manufactured by defendant QDI with the model number QDI17EL07, infringe one or more claims of the '823 Patent.

35.     In addition, all Acer LCD end-products that include an LCD module manufactured by defendant AUO with the model number M170EG01, or that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD module manufactured by defendant AUO with the model number M170EG01, infringe one or more claims of the '823 Patent.

36.     In addition, all Acer LCD end-products that include LCD modules with drivers manufactured by Defendant DenMOS with the model number DTD11003, or LCD modules

driven by drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the drivers manufactured by Defendant DenMOS with the model number DTD11003, infringe one or more claims of the '823 Patent.

37. In addition, all Acer LCD end-products that include LCD modules driven by drivers manufactured by Defendant Novatek with the model number NA0503, or LCD modules with drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the drivers manufactured by Defendant Novatek with the model number NA0503, infringe one or more claims of the '823 Patent.

38. Defendant Acer's actions constitute direct infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

39. Upon information and belief, the unlawful infringing activities by Defendant Acer are continuing and will continue unless enjoined by this Court.

40. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Acer is enjoined from infringing said patent.

41. Upon information and belief, Defendant Acer has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 2

## INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT BenQ

42. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 41 and incorporates them by reference.

43. Upon information and belief, Defendant BenQ has made, used, sold, offered for sale, and/or distributed in the United States LCD end-products that include LCD modules that

infringe at least one claim of the '823 Patent. Such LCD end-products include at least BenQ LCD monitor Nos. FP791 and FP71V+.

44. In addition to the FP791 and FP71V+ monitors, all BenQ end-products that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD module included in the FP791 or FP71V+ monitors infringe one or more claims of the '823 Patent.

45. In addition, all BenQ LCD end-products that include an LCD module manufactured by defendant AUO with the model number M170EG01 or that include an LCD module with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD module manufactured by defendant AUO with model number M170EG01, infringe one or more claims of the '823 Patent.

46. In addition, all BenQ LCD end-products that include LCD modules with drivers manufactured by defendant Novatek with the model number NT0377 or NA0503, or that include LCD modules driven by drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as those drivers manufactured by Defendant Novatek with the model number NT0377 or NA0503, infringe one or more claims of the '823 Patent.

47. Defendant BenQ's actions constitute direct infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

48. Upon information and belief, the unlawful infringing activities by Defendant BenQ are continuing and will continue unless enjoined by this Court.

49. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant BenQ is enjoined from infringing said patent.

50.     Upon information and belief, Defendant BenQ has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 3

## INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT AUO

51.     Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 50 and incorporates them by reference.

52.     Upon information and belief, Defendant AUO has made, used, sold, offered for sale, and/or distributed in the United States LCD modules that infringe at least one claim of the '823 Patent.  Such LCD modules include at least LCD module Nos. M150XN05-1 and M170EG01.

53.     In addition to the M150XN05-1 and M170EG01 LCD modules, all AUO LCD modules with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the M150XN05-1 or M170EG01 LCD modules infringe one or more claims of the '823 Patent.

54.     In addition, all AUO LCD modules that include LCD modules with drivers manufactured by defendant Novatek with the model number NT0377 or NA0503, or that include LCD modules driven by drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the drivers manufactured by defendant Novatek with the model number NT0377 or NA0503, infringe one or more claims of the '823 Patent.

55.     Defendant AUO's actions constitute direct infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

56.     Upon information and belief, the unlawful infringing activities by Defendant AUO are continuing and will continue unless enjoined by this Court.

57. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant AUO is enjoined from infringing said patent.

58. Upon information and belief, Defendant AUO has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 4

### INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT CPT

59. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 58 and incorporates them by reference.

60. Upon information and belief, Defendant CPT has made, used, sold, offered for sale, and/or distributed in the United States LCD modules that infringe at least one claim of the '823 Patent. Such LCD modules include at least model numbers CLAA170EA02, CLAA150XH01 and CLAA154WA01.

61. In addition, all CPT LCD modules with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the CLAA170EA02, CLAA150XH01 and/or CLAA154WA01 LCD modules infringe one or more claims of the '823 Patent.

62. In addition, all CPT LCD modules that include drivers manufactured by defendant Renesas or any of its predecessors with the model number HD66323, or that include LCD modules driven by drivers with the same or similar structure insofar as that structure is relevant to the '823 Patent as the drivers manufactured by defendant Renesas or any of its predecessors with the model number HD66323, infringe one or more claims of the '823 Patent.

63. In addition, all CPT modules that include LCD drivers manufactured by Defendant Samsung with the model number S6C1666X01 or S6C1104, or that include LCD modules driven

by drivers with the same or similar structure insofar as that structure is relevant to the '823 Patent as the drivers manufactured by Defendant Samsung with the model number S6C1666X01 or S6C1104, infringe one or more claims of the '823 Patent.

64. Defendant CPT's actions constitute direct and indirect infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

65. Upon information and belief, the unlawful infringing activities by Defendant CPT are continuing and will continue unless enjoined by this Court.

66. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant CPT is enjoined from infringing said patent.

67. Upon information and belief, Defendant CPT has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 5

### INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT QDI

68. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 67 and incorporates them by reference.

69. Upon information and belief, Defendant QDI has made, used, sold, offered for sale, and/or distributed in the United States LCD modules that infringe at least one claim of the '823 Patent. Such LCD modules include at least LCD modules having Model Nos. QD141X1LH03, QD141X1LH06, and QDI17EL07.

70. In addition to the QD141X1LH03, QD141X1LH06, and QDI17EL07 LCD modules, all QDI LCD modules with the same or similar structure, insofar as that structure is

relevant to the '823 Patent, as the QD141X1LH03, QD141X1LH06, and QDI17EL07 LCD modules infringe one or more claims of the '823 Patent.

71. In addition, all QDI LCD modules that include LCD drivers manufactured by defendant DenMOS with the model number DTD11003, or that include LCD modules driven by drivers with the same or similar structure insofar as that structure is relevant to the '823 Patent as the LCD drivers manufactured by defendant DenMOS with the model number DTD11003, infringe one or more claims of the '823 Patent.

72. Defendant QDI's actions constitute direct infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

73. Upon information and belief, the unlawful infringing activities by Defendant QDI are continuing and will continue unless enjoined by this Court.

74. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant QDI is enjoined from infringing said patent.

75. Upon information and belief, Defendant QDI has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 6

### INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT DenMOS

76. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 75 and incorporates them by reference.

77. Upon information and belief, Defendant DenMOS has made, used, sold, offered for sale, and/or distributed LCD drivers that, when used as intended in LCD modules and in end products containing LCD modules, infringe at least one claim of the '823 Patent. DenMOS has

made, used, sold, offered for sale and/or distributed such drivers with the knowledge and intention that the modules in which such drivers are incorporated and/or the end products containing such modules would be sold throughout the United States, including in this judicial district. Such LCD drivers include at least DenMOS driver having Model No. DTD11003.

78. Upon information and belief, Defendant DenMOS has made, used, sold, offered for sale and/or distributed LCD drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the DTD11003 that, when used as intended in LCD modules, infringe one or more claims of the '823 Patent. DenMOS has made, used, sold, offered for sale and/or distributed such drivers with knowledge and intention that the LCD modules in which such drivers are incorporated would be sold throughout the United States, including in this judicial district.

79. Upon information and belief, Defendant DenMOS knows that LCD driver DTD11003 and all DenMOS LCD drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the DTD11003 infringe at least one claim of the '823 Patent when used as intended with LCD modules.

80. Upon information and belief, Defendant DenMOS has purposefully encouraged and continues purposefully to encourage others to infringe the '823 Patent with knowledge of the infringing results.

81. Defendant DenMOS's actions constitute indirect infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

82. Upon information and belief, the unlawful infringing activities by Defendant DenMOS are continuing and will continue unless enjoined by this Court.

83. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant DenMOS is enjoined from infringing said patent.

84. Upon information and belief, Defendant DenMOS has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

### COUNT 7

### INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT NOVATEK

85. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 84 and incorporates them by reference.

86. Upon information and belief, Defendant Novatek has made, used, sold, offered for sale, and/or distributed LCD drivers that, when used as intended with LCD modules, infringe at least one claim of the '823 Patent. Novatek has made, used, sold, offered for sale and/or distributed such drivers with knowledge and intention that the modules in which such drivers are incorporated would be sold throughout the United States, including in this judicial district. Such LCD drivers include at least Novatek drivers having Model Nos. NT0377 and NA0503.

87. Upon information and belief, Defendant Novatek has made, used, sold, offered for sale and/or distributed LCD drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the NT0377 or NA0503 drivers and that, when used as intended with LCD modules, infringe one or more claims of the '823 Patent. Novatek has made, used, sold, offered for sale and/or distributed such drivers with knowledge and intention that the modules in which such drivers are incorporated would be sold throughout the United States, including in this judicial district.

88. Upon information and belief, Defendant Novatek knows that drivers having Model Nos. NT0377, NA0503 and all Novatek LCD drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the LCD drivers NT0377 and/or NA0503 infringe at least one claim of the '823 Patent when used as intended with LCD modules.

89. Upon information and belief, Defendant Novatek has purposefully encouraged and continues purposefully to encourage others to infringe the '823 Patent with knowledge of the infringing results.

90. Defendant Novatek's actions constitute indirect infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

91. Upon information and belief, the unlawful infringing activities by Defendant Novatek are continuing and will continue unless enjoined by this Court.

92. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Novatek is enjoined from infringing said patent.

93. Upon information and belief, Defendant Novatek has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

## COUNT 8

## INFRINGEMENT OF U.S. PATENT NO. 5,041,823 BY DEFENDANT RENESAS

94. Honeywell hereby restates and re-alleges the allegations set forth in paragraphs 1 through 93 and incorporates them by reference.

95. Upon information and belief, Defendant Renesas has made, used, sold, offered for sale, and/or distributed LCD drivers that, when used as intended with LCD modules, infringe at least one claim of the '823 Patent. Renesas has made, used, sold, offered for sale and/or

distributed such drivers with knowledge and intention that the LCD modules in which such LCD drivers are incorporated would be sold throughout the United States, including in this judicial district. Such LCD drivers include at least the driver having Model No. HD66323.

96. Upon information and belief, Defendant Renesas has made, used, sold, offered for sale and/or distributed LCD drivers with the same or similar structure, insofar as that structure is relevant to the '823 Patent, as the HD66323 and that, when used as intended with LCD modules, infringe one or more claims of the '823 Patent. Renesas has made, used, sold, offered for sale and/or distributed such drivers with knowledge and intention that the LCD modules in which such LCD drivers are incorporated would be sold throughout the United States, including in this judicial district.

97. Upon information and belief, Defendant Renesas knows that the driver having Model No. HD66323 and all LCD drivers that operate in the same or a similar manner as HD66323 drive infringe at least one claim of the '823 Patent when used as intended with LCD modules.

98. Upon information and belief, Defendant Renesas has purposefully encouraged and continues purposefully to encourage others to infringe the '823 Patent with knowledge of the infringing results.

99. Defendant Renesas's actions constitute indirect infringement, literal or under the Doctrine of Equivalents, pursuant to 35 U.S.C. § 271.

100. Upon information and belief, the unlawful infringing activities by Defendant Renesas are continuing and will continue unless enjoined by this Court.

101. As a result of the infringing acts herein described, Honeywell has sustained damages and will continue to sustain damages in the future, including irreparable harm, unless Defendant Renesas is enjoined from infringing said patent.

102. Upon information and belief, Defendant Renesas has had actual knowledge of the '823 Patent and has willfully, deliberately and intentionally infringed the claims of said patent.

### Prayer For Relief

WHEREFORE, Plaintiffs pray for entry of a judgment against Defendants as follows:

a.  That Defendants have infringed the '823 Patent;

b.  That Defendants, and their respective agents, servants, officers, directors, employees and all persons acting in concert with them, directly or indirectly, be permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of the '823 Patent;

c.  That Defendants account for and pay to Honeywell damages adequate to compensate them for Defendants' infringement, in an amount to be proven at trial, together with interest and costs as fixed by the Court;

d.  Finding that infringement by Defendants Acer, BenQ, AUO, CPT, QDI, DenMOS, Novatek, and Renesas has been willful and trebling the award of damages;

e.  Declaring that this case is exceptional and awarding Honeywell its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

f.  That Honeywell be awarded such other and further relief as the Court may deem just and equitable.

### Jury Demand

Honeywell hereby demands a trial by jury on all issues triable by a jury.

*/s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar Card No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789


ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*/s/ A. James Anderson*
A. James Anderson
Georgia Bar No. 016300
(*Pro Hac Vice* application pending)
Stephen R. Risley
Georgia Bar No. 606545
(*Pro Hac Vice* application pending)
Marla R. Butler
Georgia Bar No. 099917
(*Pro Hac Vice* application pending)
J. Scott Culpepper
Georgia Bar No. 200950
(*Pro Hac Vice* application pending)
ROBINS KAPLAN MILLER & CIRESI, LLP
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1119
Telephone:  404.760.4300
Facsimile:  404.233.1267
Email: ajanderson@rkmc.com
Email: mrbutler@rkmc.com
Email: jsculpepper@rkmc.com

Attorneys for Plaintiffs,
Honeywell International Inc. and
Honeywell Intellectual Properties Inc.