IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | |
| ACER AMERICA CORPORATION, AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION AMERICA, BENQ AMERICA CORP., BENQ USA CORP., CHUNGHWA PICTURE TUBES, LTD., NOVATEK MICROELECTRONICS CORPORATION, LTD., | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 6:07-CV-125 (LED)

**JURY TRIAL DEMANDED** |
| and | ) ) | |
| QUANTA DISPLAY, INC., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT NOVATEK'S AMENDED INVALIDITY CONTENTIONS AND TO PRECLUDE DEFENDANTS FROM ASSERTING INVALIDITY ARGUMENTS NOT DISCLOSED IN THEIR ORIGINAL INVALIDITY CONTENTIONS**

## TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS ..................................................................................1

III.   LEGAL ARGUMENT .........................................................................................3

        A.     Honeywell has not Served Amended Infringement Contentions, and the Court Has Not Issued a Claim Construction Ruling Which Would Permit Amended Invalidity Contentions .......................................4

        B.     Defendants Do Not Have Good Cause for Amending their Invalidity Contentions ...........................................................................6

                1.     The Delay in Disclosing the New Prior Art References and Invalidity Arguments Is Unreasonable and was Fully Within Defendants' Control ........................................................8

                2.     There is No Good Reason for Defendants' Delay ......................12

                3.     Defendants' Untimely Amended Invalidity Contentions Unfairly Prejudice Honeywell ...................................................13

                4.     Defendants were not Diligent in Seeking an Extension of Time or Supplementing Discovery after the Need to Disclose New Evidence Became Apparent .................................14

                5.     Defendants' Amended Invalidity Contentions Must be Stricken to Adequately Address These Factors and Deter Future Violations of the Court's Orders and the Local Rules.........................................................................................14

IV.   CONCLUSION .................................................................................................15

CERTIFICATE OF SERVICE ...................................................................................17

# TABLE OF AUTHORITIES

PAGE

**Cases**

*Arbitron, Inc. v. International Demographics, Inc.*,
  2008 WL 4755761 (E.D. Tex. 2008) ................................................................7

*Computer Acceleration Corp. v. Microsoft Corp.*,
  481 F.Supp.2d 620 (E.D. Tex. 2007) ...........................................................9, 14

*Coopervision, Inc. v. CIBA Vision Corp.*,
  480 F.Supp.2d 448 (E.D. Tex. 2007) ...............................................................5

*Ferguson Beauregard/Logic Controls, Inc. v. Bega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003).........................................................................9

*Finisar Corp. v. The DirecTV Group, Inc.*,
  424 F.Supp.2d 896 (E.D. Tex. 2006) ........................................... 4, 5, 6, 8, 9, 15

*Flaska v. Little River Marine Constr. Co.*,
  389 F.2d 885 (5th Cir. 1968) ...........................................................................8

*IXYS Corp. v. Advanced Power Tech., Inc.*,
  2004 WL 1368860 (N.D. Cal. June 16, 2004) ................................................4, 8

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
  250 F.R.D. 284 (E.D. Tex. 2008).................................................................6, 15

*STMicroelectronics, Inc. v. Motorola, Inc.*,
  307 F.Supp.2d 845 (E.D. Tex. 2004) ................................................................7

*Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*,
  1999 U.S. Dist. LEXIS 21523 (E.D. Tex. 1999) ...............................................15

**Rules**

E.D. Tex. P.R. 3-3...............................................................................................5

E.D. Tex. P.R. 3-6........................................................................................5, 6, 7

Fed. R. Civ. P. 6.................................................................................................8

**TABLE OF AUTHORITIES**
(continued)

**PAGE**

Fed. R. Civ. P. 26 ...................................................................................................................4

Fed. R. Civ. P. 37 ...................................................................................................................8

## I.    INTRODUCTION

More than nine months after serving their Invalidity Contentions in this case, and near the close of discovery, Defendants[1] have raised new invalidity arguments and have presented new art that allegedly invalidates the '823 Patent.[2]  Defendants had ample time to search for prior art and develop their invalidity arguments before serving their original Invalidity Contentions.  Even after learning of this art and developing these new arguments months ago, Defendants withheld this information from Honeywell[3] until they served their expert report last month, and subsequently served Amended Invalidity Contentions without leave of this Court.  In addition to violating this Court's Local Patent Rules, the Defendants' conduct has unfairly prejudiced Honeywell.  Moreover, at this late stage in this litigation, Defendants cannot establish the good cause required to justify their amended contentions.  Therefore, Honeywell respectfully requests that this Court (1) strike Novatek Microelectronics Corporation, Ltd.'s ("Novatek") Amended Invalidity Contentions, and (2) preclude all Defendants from asserting invalidity arguments and relying on art not disclosed in their original invalidity contentions.

## II.    STATEMENT OF FACTS

Honeywell's Complaint was served on Defendants in July 2007.[4]  The Court adopted a Docket Control Order on February 20, 2008.  (PX "A," Docket Control Order at p.5).  The Docket Control Order required Defendants to serve their Invalidity Contentions by April 28, 2008, more than nine months after they were served with the Complaint.  (PX "A," Docket Control Order at

---

[1] "Defendants" refers collectively to AU Optronics Corporation, AU Optronics Corporation America, BenQ America Corp., BenQ USA Corp., Chunghwa PictureTubes, Ltd., and Novatek Microelectronics Corporation, Ltd.

[2] U.S. Patent No. 5,041,823.

[3] "Honeywell" refers collectively to Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc.

[4] AUO and BenQ were actually served in July 2007, and counsel for CPT and Novatek accepted service on behalf of their clients in July 2007.

p.4).  The Docket Control Order notes that after April 28, 2008, "it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6." *Id.*  As required by the Docket Control Order, Defendants served their Invalidity Contentions on April 28, 2008. Those Invalidity Contentions were supposed to have identified each prior art reference that allegedly anticipates the '823 Patent, each prior art reference that allegedly renders the '823 Patent obvious, a chart identifying where each element of each asserted claim is allegedly found in those prior art references, and any grounds for invalidity based on indefiniteness, enablement or written description.  E.D. Tex. P.R. 3-3(a)-(d).  The parties exchanged proposed terms and claim elements for construction on May 19, 2008.  (PX "A," Docket Control Order at p.4).  Magistrate Judge Love held a Markman hearing on November 20, 2008 and issued a Memorandum Opinion and Order construing the disputed claim terms on January 7, 2009 ("Claim Construction Order").  (PX "B," Claim Construction Order at p.25).  The Claim Construction Order has been objected to, and the Court has not yet ruled on the objections or adopted Judge Love's recommended constructions. (PX "C," Docket at entry 157-159).

On February 2, 2009 – over nine months after Novatek served its original Invalidity Contentions – Defendants served the Expert Report of Roger Stewart, related to the purported invalidity of the '823 Patent.  (PX "D," Stewart Expert Report at p.56).  This Expert Report contained a new invalidity argument based on non-enablement, and 15 previously undisclosed prior art references,[5] all of which were publicly available and have been accessible to Defendants since they first learned of the '823 Patent.  At least some of the references had been known to Defendants for quite some time, and the new non-enablement argument had been known to

---

[5] The 15 previously undisclosed prior art references are: U.S. Patent No. 3,902,169; U.S. Patent No. 4,292,625; U.S. Patent No. 4,413,256; U.S. Patent No. 4,427,978; U.S. Patent No. 4,635,127; U.S. Patent No. 4,643,526; U.S. Patent No. 4,653,862; U.S. Patent No. 4,694,349; U.S. Patent No. 4,716,403; U.S. Patent No. 4,742,346; Erlewein, *et al.*; Faughnan, *et al.;* Stewart, *et al.*; Morozumi, *et al.*; and Heftman, *et al.*

Defendants for over two months.  (PX "E," Stewart Deposition Transcript at p.24, 27, 29, 30, 33, 34, 37).  Honeywell's expert had only 31 days to evaluate and substantively respond to multiple invalidity arguments based on the 15 new references, and the previously undisclosed non-enablement argument, all asserted for the first time in Mr. Stewart's Expert Report.[6]  On February 26, only 19 days before the discovery deadline, Novatek followed up by serving Amended Invalidity Contentions setting forth the same prior art references and invalidity arguments disclosed for the first time in Mr. Stewart's Report.  (PX "F," Novatek's Amended Invalidity Contentions at p.17).  Novatek inexplicably ignored the Court's Docket Control Order and the Eastern District of Texas' Local Patent Rules by serving these Amended Invalidity Contentions without seeking leave of Court.  The arguments presented in Mr. Stewart's Expert Report and in Novatek's Amended Invalidity Contentions are untimely and in violation of the Court's Local Rules and the Docket Control Order for this case.

### III.    LEGAL ARGUMENT

The Federal Rules of Civil Procedure have, over time, been amended to encourage full and open discovery.  *Finisar Corp. v. The DirecTV Group, Inc.,* 424 F.Supp.2d 896, 898 (E.D. Tex. 2006) (Clark, J.) (citing *Fed. R. Civ. P. 26* Advisory Committee note (1993 Amendments)).  The Eastern District of Texas has implemented Local Patent Rules in order to "further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."  *Id.* at 901 (quoting *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 WL 1368860 *3 (N.D. Cal. June 16, 2004)).

---

[6] Initial expert reports were exchanged on February 2, 2009, and rebuttal reports were exchanged on March 5, 2009.

The Eastern District of Texas' Local Patent Rule 3-3 requires an accused infringer to serve invalidity contentions on the opposing party "not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions."  E.D. Tex. P.R. 3-3.  Patent Rule 3-6, which governs amendment of Infringement and Invalidity Contentions, provides that a party may amend its invalidity contentions without leave of court "no later than 50 days after service by the Court of its Claim Construction Ruling" when (1) a party has served amended infringement contentions [P.R. 3-6(a)(2)(A)], or (2) the party believes in good faith that the Court's Claim Construction Ruling necessitates the amendment [P.R. 3-6(a)(2)(B)].  E.D. Tex. P.R. 3-6(a)(2)(A)-(B).  "This [second] exception is intended to allow a party to respond to an *unexpected* claim construction by the court."  *Finisar Corp.,* 424 F.Supp.2d at 901 (emphasis added).  It "does not mean that after every claim construction order, new invalidity contentions may be filed."  *Id.* ("That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties. . .").  Outside of the two circumstances listed above, a party may amend its invalidity contentions only by order of the Court, upon a showing of good cause.  E.D. Tex. P.R. 3-6(b); *Coopervision, Inc. v. CIBA Vision Corp.,* 480 F.Supp.2d 448, 887 (E.D. Tex. 2007) (Clark, J.) ("Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P.R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.").

### A.  Honeywell has not Served Amended Infringement Contentions, and the Court Has Not Issued a Claim Construction Ruling Which Would Permit Amended Invalidity Contentions

As an initial matter, Honeywell has not served amended infringement contentions and, therefore, no basis exists for Defendants to amend their Invalidity Contentions under P.R. 3-6(a)(2)(A).  Further, the Court has not yet issued a final claim construction ruling.  Magistrate

Judge Love has issued claim constructions to which the parties have objected.  (PX "C," Docket at entry 157-159).  The Court has not yet ruled on any of the objections or entered an order adopting Judge Love's Recommendations.   Thus, Defendants cannot argue that the Court's claim construction ruling requires amendment under P.R. 3-6(a)(2)(B), because a final claim construction ruling has not yet been issued.[7]

Even assuming the Court adopts Judge Love's constructions, those constructions, from Defendants' perspective, are not "so surprising," and do not "differ[] so greatly from the proposals made by the parties," that the addition of 15 new prior art references and new invalidity arguments is justified.  *Finisar Corp.,* 424 F.Supp.2d at 901.  In fact, Magistrate Judge Love adopted nearly all of Defendants' proposed constructions.  (PX "B," Claim Construction Order at p.7-25).  Judge Love adopted the Defendants' proposed constructions of "first voltage," "second voltage," "shift register" and "timing signals."   In addition, Judge Love adopted Defendants' proposed construction of the "switching means" function, requiring that voltage be provided to the drivers "until the conclusion of a frame of display data" and rejecting Honeywell's argument that the first and second voltages have opposite polarities with respect to each other "relative to a reference voltage."  The only Honeywell-proposed constructions adopted by Judge Love were the proposed structure for the "switching means" and "interface means."

Defendants, therefore, cannot argue that they did not anticipate the constructions adopted by Judge Love.  *See Mass Engineered Design, Inc. v. Ergotron, Inc.,* 250 F.R.D. 284, 286 (E.D. Tex. 2008) (Davis, J.) ("Equally unavailing is [the alleged infringer's] explanation that it did not anticipate the Court's constructions.  This is not a situation where the Court issued constructions that greatly differed from what the parties proposed.").  The adoption of what is primarily

---

[7] It should also be noted that Judge Love's constructions largely favor Defendants.  Indeed, Defendants' sole objection to the Markman ruling by Judge love relates to his denial of their Summary Judgment Motion on indefiniteness.

Defendants' own proposed constructions could not have "surprised" Defendants so much that they must now present 15 new prior art references and accompanying invalidity arguments, as well as a new non-enablement argument.   In short, Novatek's Amended Invalidity Contentions have not been necessitated by Judge Love's claim construction order.   Therefore, the only avenue for allowing amendment of Defendants' Invalidity Contentions is through a showing of good cause under P.R. 3-6(b).

## B. Defendants Do Not Have Good Cause for Amending their Invalidity Contentions

Because Honeywell has not amended its Infringement Contentions, and because Novatek's amendments have not been necessitated by Judge Love's Claim Construction Order, any amendment of invalidity contentions is governed by P.R. 3-6(b), which provides that amendment of invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause."  P.R. 3-6(b); *Arbitron, Inc. v. International Demographics, Inc.,* 2008 WL 4755761 *1 (E.D. Tex. 2008) (Ward, J) ("Local Patent Rule 3-6(b) allows a party to supplement its Invalidity Contentions –only by order of the Court, which shall be entered only upon a showing of good cause.'(citing E.D. Tex. Patent L.R. 3-6(b))).  The parties' agreed Docket Control Order also stipulates that a party seeking to amend its invalidity contentions must "obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6."  (PX "A," Docket Control Order at p.4).  Defendants relied on new prior art references and new invalidity arguments in their Expert Report, and served Amended Invalidity Contentions – all without seeking leave of Court – thus ignoring the requirements of the Eastern District's Local Rules and the Court's Docket Control Order, and bypassing the requirement that they show "good cause" for amending Invalidity Contentions.  *STMicroelectronics, Inc. v. Motorola, Inc.,* 307 F.Supp.2d 845, 852 (E.D. Tex. 2004) (Davis, J.) ("The Court will not allow litigants to so ignore its orders.  The

Patent Rules, as part of the Court's docket control order, are an order of this Court that litigants are not free to ignore.").

Defendants  cannot show good cause for amending their Invalidity Contentions this late in the litigation.   The invalidity arguments presented in Mr. Stewart's Expert Report and in Novatek's Amended Invalidity Contentions are based almost entirely on Defendants' proposed claim constructions, the same claim constructions that were presumably applied to their original Invalidity Contentions.  Nothing has happened in this litigation to change the scope of the '823 Patent to such an extent that art that is relevant to an obviousness analysis now would not have been relevant to that analysis when those original Contentions were served, and nothing has happened in this litigation to create a non-enablement argument that would not have existed when the original Contentions were served.  The Defendants' delay in presenting this new art and this new argument cannot be excused.

A court has the inherent power to enforce its scheduling orders and to impose sanctions. *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 n.3 (5th Cir. 1968).  Further, the Court has a duty to prevent unfair prejudice "through eleventh-hour alterations." *Finisar Corp.,* 424 F.Supp.2d at 900 (quoting *IXYS Corp.,* 2004 WL 1368860 *1 (interpreting the Northern District of California's Local Patent Rule 3-6)).  In deciding whether to exclude late-filed prior art references, or to extend the deadlines of a scheduling order,

> the court considers the type of factors identified as important in cases interpreting *Fed. R. Civ. P. 37(c)(1)* (requiring exclusion of evidence that was not properly disclosed, unless the failure to disclose is harmless) and *Fed. R. Civ. P. 6(b)* (permitting the court to extend deadlines upon motion where the failure to act was the result of excusable neglect).

*Finisar Corp.*, 424 F.Supp.2d at 899.  A non-exclusive list of factors considered by courts when determining whether to permit late-filed contentions is:

(1)     The length of the delay, including whether it was within the reasonable control of the movant;

(2)     The reason for the delay, including whether it was within the reasonable control of the movant;

(3)     The danger of unfair prejudice to the non-movant;

(4)     Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose new evidence became apparent; and

(5)     The importance of the particular evidence, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure.

*Id.* at 900; *Computer Acceleration Corp. v. Microsoft Corp.,* 481 F.Supp.2d 620, 625 (E.D. Tex. 2007) (Clark, J.).  An examination of the facts underlying Defendants' late disclosure of new invalidity arguments illustrates Defendants' lack of good cause.

> **1.     The Delay in Disclosing the New Prior Art References and Invalidity Arguments Is Unreasonable and was Fully Within Defendants' Control**

The first factor to be considered – the length of the delay, including whether it was within the reasonable control of the movant – weighs in favor of striking Defendants' new prior art and arguments.  Defendants had the responsibility to act diligently in constructing their invalidity contentions.  "Invalidity is an affirmative defense, and the party which does not properly investigate applicable prior art early enough to timely meet disclosure requirements risks exclusion of that evidence."  *Finisar Corp.*, 424 F.Supp.2d at 901-902 (citing *Ferguson Beauregard/Logic Controls, Inc. v. Bega Sys., LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003)).

Defendants have been aware of the existence of the '823 Patent and Honeywell's belief that they were infringing this patent for at least six years.   (PX "G," Honeywell Notice Letters to Defendants).   Moreover, Defendants were served with the Complaint in this matter in July 2007, more than nine months before their original Invalidity Contentions were due.   Therefore, Defendants had ample time before their original Invalidity Contentions were due to search for prior art and develop invalidity arguments.   The delay in doing so was completely within Defendants' control.

In addition, Defendants knew about many of the prior art references discussed in Mr. Stewart's Expert Report and in Novatek's Amended Invalidity Contentions, and also knew about the new non-enablement argument, long before they disclosed this information to Honeywell.   Mr. Stewart, during his deposition, testified during his deposition regarding how long he has known about many of the new references and the new non-enablement argument, and also when he disclosed them to Defendants.   For the Gillette patent (U.S. Pat. No. 4,742,346), Mr. Stewart testified as follows:

> Q:      When did you first learn of this Gillette reference?
> A:      Oh, many years ago, because I'm a coinventor of it, --

(PX "E," Stewart Deposition Transcript at p.24, ln.18-21).   Mr. Stewart went on to testify that he disclosed the Gillette patent to Defendants about a year ago.

> Q:      What about the Gillette reference, Stewart Exhibit 3, I know you're an inventor on that patent.  When did you provide a copy of that to the lawyers in this case?
> …
> A:      …   Clearly since it's one of my own patents, I keep – I keep track of my own patents, so I'm sure I would have looked – I would have at least noted that it issued and – and would have at least had some familiarity with it just because about a year ago at least I wanted to find out which, you know, made a list, comprehensive list of all my patents, so I – I know that I would have – I would have looked at this patent then.

> Q:     Would you have informed counsel for the defendants of its existence and its relevance to the '823 patent?
> A:     I'm sure I did.  I mean I was very – part of my job was to dig up other art.  If I found something I felt was relevant, then it was my general practice to let them know.  When I did that, I don't  -- I can't tell you.

(PX "E," Stewart Deposition Transcript at p.27, ln.11- p.28, ln.3 (emphasis added)).

Mr. Stewart's testimony also showed that Defendants knew about the Morozumi patent

(U.S. Pat. No. 4,716,403) months before Mr. Stewart's February 26 deposition:

> Q:     Did you locate this Morozumi reference yourself?  And I'm talking about Stewart Exhibit 4, Morozumi '403.
> A:     My recollection is that this was dug up by some of the lawyers.
> Q:     And it was provided to you a few months ago.
> A:     Yes.

(PX "E," Stewart Deposition Transcript at p.27, ln 4-10).   As for the Morozumi Article, Mr.

Stewart testified that he had known about it for years, and that he notified Defendants about a

month before completing the invalidity report he worked on.

> Q:     …  [referring to the Morozumi Article] So this is the article that you testified earlier that you've been aware of for years correct?
> A:     Yes.
> Q:     And did you – when did you first inform counsel for the defendants of the existence of this article and its relevance to the '823 patent?
> A:     …  it was probably about a month before [the invalidity] report went in that I was more actively engaged in – in talking about prior-art references.  So I could give you the general answer to your question would be in – go back about a month and that's probably when – when most of that dialogue occurred.

(PX "E," Stewart Deposition Transcript at p.29, ln.1-24).

Mr. Stewart is a co-author of the Stewart and Faughnan references.  Thus, he has

known about these references since their inception.

> Q:     Okay.  So when you were retained in this case in late spring of last year you obviously were aware of the existence of this paper [referring to the Stewart Article].
> A:     Yes.
> Q:     Were you aware at that time of its relevance to the '823 patent?

A:      Probably generally aware, yes.

(PX "E," Stewart Deposition Transcript at p.30, ln.24 – p.31, ln.5).

Q:      So I assume when you were retained then in the late spring of last year you
        were aware of the existence of this [Faughnan] paper.
A:      Yes.
Q:      And you're aware of the relevance of this paper to the '823 patent; correct?
A:      Yes. …

(PX "E," Stewart Deposition Transcript at p.33, ln.4-10).   Mr. Stewart went on to discuss

disclosing the Stewart and Faughnan articles to Defendants.

Q:      Was this Faughnan paper, Stewart Exhibit 7, a paper that you kept in your
        personal files?
A:      Yes.
Q:      So you provided this paper to counsel for defendants?
A:      I believe I did.
Q:      …  Is --- the Stewart paper labeled – or marked Stewart Exhibit 6 also a
        paper that you kept in your personal files?
A:      Yes.  I try to keep at least one copy of each paper that I had published.
Q:      And so that Stewart paper then is another paper that you provided to
        defendants' counsel?
A:      Or I certainly could have provided it, I believe I did, but they could of
        course have gotten it independent of me through – through the Society of
        Information Display.

(PX "E," Stewart Deposition Transcript at p.33, ln.22- p.34, ln.15).

Additionally, Mr. Stewart's testimony shows that Defendants knew about the Erlewein

Article for at least a few months, and actually provided it to Mr. Stewart.

Q:      When did you first learn about this – this paper first named author is
        Erlewein. …
…
A:      A few months ago.
Q:      Okay. Did you locate it yourself?
A:      No, I did not.
Q:      Defendants' counsel provided it to you?
A:      Yes.

(PX "E," Stewart Deposition Transcript at p.37, ln.11-21).

Finally, Mr. Stewart's testimony shows that Defendants were aware of their new non-enablement argument at least as early as November 20, 2008, when Mr. Stewart discussed it with them on the way to the Markman hearing.

> Q:    You said that you immediately came in at the very beginning and said this is an enablement problem.  Did you communicate that view to counsel for defendants when you were first retained in this matter and first had an opportunity to review the '823 patent?
>
> A:    I communicated in some form.  I remember when – The first opportunity that I had in person was on the long drive out to the Markman Hearing, we had  -- we rode in the car together and I – they couldn't escape and I – I spent – I spent an hour or more going over the details of this, because I wanted them to understand –
>
> ...
>
> Q:    Okay.  So at least by the Markman Hearing you had disclosed to defendants' counsel that you felt there was an enablement problem here; right?
>
> A:    It – Certainly discussed it.  I don't know my success, whether they just thought I was crazy or whether – whether they, you know, whatever, but I certainly was not shy about explaining my – my concerns about this.

(PX "E," Stewart Deposition Transcript at p.195, ln.20 – p.196, ln.7; p.196, ln.14 – p.197, ln.1).

Identification of prior art and development of invalidity arguments has been well within the control of Defendants since they have known of Honeywell's allegations against them. However, instead of diligently developing their invalidity arguments, Defendants waited to develop those arguments until *after* the deadline for serving their Invalidity Contentions had passed.  Even when they developed arguments after this deadline had passed, Defendants chose to wait until the last minute to spring these arguments on Honeywell without seeking leave of Court.

## 2.    There is No Good Reason for Defendants' Delay

The second factor that must be considered – the reason for the delay – also weighs in favor of striking Defendants' new prior art references and arguments.  As discussed above, Defendants have known of Honeywell's allegations related to the '823 Patent for many years, and had more than nine months after being served with the Complaint to develop their invalidity arguments

before they served their Invalidity Contentions.  In addition, Defendants have known of the newly-disclosed prior art references and non-enablement argument for quite some time.  Magistrate Judge Love's recommended claim constructions are not a surprise to the Defendants because almost all of Defendants' own constructions were adopted.  Nothing has changed from the time Defendants served their original Invalidity Contentions to now that justifies approving the disclosure of new prior art references and new invalidity arguments 43 days before the close of discovery.

### 3. Defendants' Untimely Amended Invalidity Contentions Unfairly Prejudice Honeywell

The third factor that must be considered – the danger of unfair prejudice to Honeywell – also weighs in favor of striking Defendants' new prior art and arguments.  Honeywell's rebuttal expert report addressing validity was due on March 5, 2009, only 31 days after Defendants first disclosed their new invalidity contentions through their Expert Report, and only seven days after Novatek served the corresponding Amended Invalidity Contentions.  It was unfair to require Honeywell's expert to evaluate 15 new prior art references and rebut Defendants' new Invalidity Contentions in 31 days.  *Computer Acceleration Corp.,* 481 F.Supp.2d at 623 ("Some district courts have recognize[d] that thirty days is not enough time to allow experts to evaluate such information, especially in a complicated case, and have adopted local rules requiring invalidity contentions to be filed early in the case.").

Furthermore, the parties proposed and negotiated claim constructions, and ultimately argued specific claim constructions to the Court with Defendants deliberately holding back prior art they knew they would later assert.  *See Id.* ("The motive to delay disclosure is often even greater in patent cases than in other litigation, because of the bifurcated nature of a patent suit."). In addition, significant discovery took place between the time Defendants became aware of the

new references and invalidity arguments, and the time Defendants disclosed them to Honeywell, including the claim construction deposition of Mr. Stewart.  Because of Defendants' untimely disclosure of these arguments, Honeywell deposed Mr. Stewart without full knowledge of the primary invalidity arguments upon which Defendants would ultimately attempt to rely.  This Court's Local Patent Rules were implemented to prevent this type of "litigation by ambush." *Finisar Corp.*, 424 F.Supp.2d at 898; *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.,* 1999 U.S. Dist. LEXIS 21523 * 12 (E.D. Tex. 1999) (Heartfield, J.) ("Hyundai would revel in trial by ambush should this late-disclosed evidence be allowed at trial.").  *See also Mass Engineered Design, Inc.,* 350 F.R.D at 287 (noting that "the additional prior art references may give rise to new claim construction issues").  Thus, Defendants' assertion of new invalidity arguments, including reliance on 15 new prior art references, this late in the litigation is unfairly prejudicial to Honeywell.

### 4.  Defendants were not Diligent in Seeking an Extension of Time or Supplementing Discovery after the Need to Disclose New Evidence Became Apparent

The fourth factor to be considered – whether Defendants were diligent in seeking an extension or supplementing their contentions – also weighs in favor of striking Defendants' new arguments.  Defendants did not seek an extension of time to serve their original Invalidity Contentions and have never sought to supplement them.  Rather, Defendants waited until discovery was nearly complete to serve their amended Contentions.

### 5.  Defendants' Amended Invalidity Contentions Must be Stricken to Adequately Address These Factors and Deter Future Violations of the Court's Orders and the Local Rules

The fifth factor to be considered is the importance of the particular evidence, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and

also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure. The previously undisclosed prior art references appear to be highly relevant to Defendants' invalidity analysis. In Defendants' Expert Report, which contains the new prior art references in addition to the prior art references from Defendants' original Invalidity Contentions, Mr. Stewart relies on a total of nine references in his claim charts asserting anticipation and obviousness. Six of these references are new references that were not disclosed in Defendants' April 28, 2008 Invalidity Contentions. The importance of these references only underscores the prejudice Honeywell will experience if they are not stricken. By not informing Honeywell of the new prior art references and invalidity arguments in their original Invalidity Contentions, Defendants left Honeywell with 31 days to respond to contentions that Defendants have had 19 months to develop (from service of the Complaint in July 2007 to service of Mr. Stewart's expert report in February 2009). Striking Defendants' new references and invalidity arguments is the only way to adequately address the other factors discussed herein, and deter future violations of the Court's Orders and Local Rules.

## IV.   CONCLUSION

For the foregoing reasons, Honeywell respectfully requests that the Court strike Novatek's Amended Invalidity Contentions and preclude Defendants from asserting invalidity arguments not disclosed in their original Invalidity Contentions.

DATED:  March 17, 2009                    Respectfully submitted,

                                          /s/ J. Thad Heartfield
                                          A. James Anderson (admitted *pro hac vice*)
                                          Georgia Bar No. 016300
                                          Stephen R. Risley (admitted *pro hac vice*)
                                          Georgia Bar No. 606545
                                          Marla R. Butler (admitted *pro hac vice*)
                                          Georgia Bar No. 099917
                                          J. Scott Culpepper (admitted *pro hac vice*)
                                          Georgia Bar No. 200950
                                          Anna R. Carr (admitted *pro hac vice*)
                                          Georgia Bar No. 208034
                                          J.A. Schneider (admitted *pro hac vice*)
                                          Georgia Bar No. 141437
                                          **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                                          2600 One Atlanta Plaza
                                          950 East Paces Ferry Road, N.E.
                                          Atlanta, GA  30326-1119
                                          Telephone: 404-760-4300
                                          Facsimile: 404-233-1267
                                          Email:  ajanderson@rkmc.com
                                          Email:  srrisley@rkmc.com
                                          Email:  mrbutler@rkmc.com
                                          Email:  jsculpepper@rkmc.com
                                          Email:  arcarr@rkmc.com

                                          J. Thad Heartfield
                                          Texas Bar No. 09346800
                                          **THE HEARTFIELD LAW FIRM**
                                          2195 Dowlen Road
                                          Beaumont, Texas 77706
                                          Telephone:  409-866-36318
                                          Facsimile:  409-866-5789
                                          Email:  thad@jth-law.com

                                          **ATTORNEYS FOR PLAINTIFFS**
                                          **HONEYWELL INTERNATIONAL INC. and**
                                          **HONEYWELL INTELLECTUAL**
                                          **PROPERTIES INC.**

## CERTIFICATE OF CONFERENCE

Counsel for Honeywell have complied with the meet and confer requirement in Local Rule CV-7(h).  Honeywell's Motion to Strike Novatek's Amended Invalidity Contentions and to Preclude Defendants from Asserting Invalidity Arguments not Disclosed in Their Original Invalidity Contentions is opposed by Defendants.

The personal conference on the issues raised by this motion required by Local Rule CV-7 was conducted by telephone on March 16, 2009.  Present for the meet and confer were: Daniel Leventhal (trial counsel for CPT), Eric Hall (trial counsel for CPT), Michael Song (trial counsel for AUO and BenQ), James Yoon (lead counsel for AUO and BenQ), Matthew Argenti (trial counsel for AUO and BenQ), Michael Smith (local counsel for Defendants), Andrew Pratt (trial counsel for Novatek), Ted Herhold (lead counsel for Novatek), Thad Heartfield (local counsel for Honeywell), A. James Anderson (lead counsel for Honeywell), Marla Butler (trial counsel for Honeywell), J.A. Schneider (trial counsel for  Honeywell), and Anna Carr (trial counsel for Honeywell).  Novatek would not agree to withdraw its Amended Invalidity Contentions and Defendants indicated their intent to rely on the 15 new prior art references and the invalidity arguments not set forth in their original invalidity contentions.  These issues are more fully outlined in Honeywell's briefing.  Discussions conclusively ended in impasse, leaving open issues for the court to resolve.

 /s/ A. James Anderson
A. James Anderson
Lead Trial Counsel for Plaintiffs


 /s/ J. Thad Heartfield
J. Thad Heartfield
Local Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of March, 2009.  Any other counsel of record will be served by first class mail.

                                          /s/ J. Thad Heartfield
                                          J. Thad Heartfield