IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., <br><br> Plaintiffs <br><br> v. <br><br> ACER AMERICA CORPORATION, AU OPTRONICS CORPORATION, AU OPTRONICS CORPORATION AMERICA, BENQ AMERICA CORP., BENQ USA CORP., CHUNGHWA PICTURE TUBES, LTD., NOVATEK MICROELECTRONICS CORPORATION, LTD., <br><br> and <br><br> QUANTA DISPLAY, INC., <br><br> Defendants. | C.A. No. 6:07-CV-125 (LED) <br><br> **JURY TRIAL DEMANDED** |

**HONEYWELL'S MOTION TO STAY DEADLINES PENDING THE COURT'S ADOPTION OF MAGISTRATE JUDGE LOVE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Plaintiffs Honeywell International Inc. and Honeywell Intellectual Properties Inc. ("Honeywell") hereby and through their counsel move the Court for a stay of the deadlines contained in the Docket Control Order (Docket No. 76), as modified on January 20, 2009 (Docket No. 142), and again on May 11, 2009 (Docket No. 221) (collectively the "Modified Docket Control Order"), pending the Court's adoption of Magistrate Judge Love's Report and Recommendation on Defendants' Motions for Summary Judgment of Non-Infringement. A stay

of these deadlines is appropriate because the Court's adoption of Judge Love's Report and Recommendation would render these pretrial preparations moot, as this matter would not go to trial.[1]

The following deadlines from the Modified Docket Control Order are rapidly approaching:

| | |
|---|---|
| **May 25, 2009**: | Joint Pretrial Order, Joint Proposed Jury Instructions, and Form of Verdict |
| **May 25, 2009**: | Pretrial Disclosures (including trial exhibit lists and designation of deposition excerpts) |
| **June 4, 2009**: | Rebuttal Designations and Objections to Deposition Testimony |
| **June 12, 2009**: | Objections to Rebuttal Deposition Testimony |
| **June 12, 2009**: | Pretrial Objections |
| **June 15, 2009**: | Motions in Limine |
| **June 18, 2009**: | Pretrial Conference |

Because adoption of Judge Love's Report and Recommendation would preclude this matter from going to trial, completing pretrial disclosures and preparing for trial would be wasteful of the parties' resources, costing thousands of dollars and many hours of attorney time. The Court's

---

[1] Novatek has indicated that it will oppose this Motion to Stay because of its desire to go to trial on the inequitable conduct and validity issues. However, the Court's Claim Construction Ruling, which Honeywell will seek to appeal, is tied to both infringement and validity analyses. For example, one claim construction issue is whether the claims are limited such that the polarities can only be interchanged at the frame change. Novatek's expert testified that, in Mihara, the prior art reference that Novatek argues anticipates the '823 patent, polarities are interchanged multiple times per frame. (Exhibit "A," Feb. 26, 2009 Deposition of Roger Stewart at 237:15-238:14). Therefore, this claim construction issue, which will be decided on appeal, is inextricably tied to validity.
Moreover, if Honeywell wins on appeal, validity would have to be re-tried because new claim constructions would have to be applied to the validity analysis. If Novatek wins on appeal, validity never has to be tried because it becomes moot as to Novatek, as the '823 patent has expired. Furthermore, validity would be moot as to all other companies in the industry because Honeywell could not prove infringement by anyone in light of the claim construction regarding the "opposite polarity" limitation.

resources would also be wasted to the extent the Court begins reviewing these pretrial disclosures in preparation for the Pretrial Conference.

Defendant Novatek Microelectronics Corporation, Ltd. ("Novatek") has indicated to Honeywell that it will "likely be objecting" to Judge Love's Report and Recommendation. (Exhibit "B," May 19, 2009 Email from Ted. T. Herhold to A. James Anderson). However, any objections by Novatek are not due until June 8, 2009, with Honeywell's Response due July 18, 2009 – the day of the Pretrial Conference – and after the Joint Pretrial Order, Joint Proposed Jury Instructions, Form of Verdict, Pretrial Disclosures, Rebuttal Designations, Objections to Deposition Testimony, Pretrial Objections, and Motions in Limine are due. Therefore, without a stay, the parties and the Court will be expending considerable resources preparing for trial, while at the same time addressing the issue of whether Judge Love's Report and Recommendation should be adopted, and thus whether a trial will even take place.

Therefore, Honeywell respectfully requests that the Court enter an Order that the remaining deadlines contained in the Modified Docket Control Order be stayed pending the Court's adoption of Judge Love's Report and Recommendation on Defendants' Motions for Summary Judgment of Non-Infringement. A proposed Order is attached hereto.

DATED:  May 19, 2009          Respectfully submitted,

/s/ J. Thad Heartfield
A. James Anderson (admitted *pro hac vice*)
Georgia Bar No. 016300
Marla R. Butler (admitted *pro hac vice*)
Georgia Bar No. 099917
J. Scott Culpepper (admitted *pro hac vice*)
Georgia Bar No. 200950
Anna R. Carr (admitted *pro hac vice*)
North Carolina Bar No. 31437
Georgia Bar No. 208034
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA  30326-1119
Telephone: 404-760-4300
Facsimile: 404-233-1267
Email:  ajanderson@rkmc.com
Email:  mrbutler@rkmc.com
Email:  jsculpepper@rkmc.com
Email:  arcarr@rkmc.com

J. Thad Heartfield
Texas Bar No. 09346800
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: 409-866-3318
Facsimile: 409-866-5789
Email:  thad@jth-law.com

**ATTORNEYS FOR PLAINTIFF**
**HONEYWELL INTERNATIONAL INC. and**
**HONEYWELL INTELLECTUAL PROPERTIES**
**INC.**

## CERTIFICATE OF CONFERENCE

The undersigned conferred with counsel for defendant Novatek, Michael Smith, on the issues raised by this motion on May 19, 2009.  The discussion conclusively resulted in an impasse, leaving an open issue that only the Court can resolve.

    /s/ J. Thad Heartfield
J. Thad Heartfield

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of May, 2009.  Any other counsel of record will be served by first class mail.

    /s/ J. Thad Heartfield
J. Thad Heartfield