# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | § § § § § § § § § § § § § § § § § § § | |
| Plaintiffs/Counterdefendants, | | Case No.   6:07-CV-00125 (LED) |
| v. | | **JURY TRIAL DEMANDED** |
| ACER AMERICA CORP., AU OPTRONICS CORP., AU OPTRONICS CORPORATION AMERICA, BENQ AMERICA CORP., BENQ USA CORP., CHUNGHWA PICTURE TUBES, LTD., and NOVATEK MICROELECTRONICS CORPORATION, LTD. | | |
| Defendants/Counterclaimants. | | |
| AND RELATED COUNTERCLAIMS | | |

**NOVATEK'S OPPOSITION TO HONEYWELL'S MOTION TO STAY DEADLINES
PENDING THE COURT'S ADOPTION OF MAGISTRATE JUDGE LOVE'S
REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT OF NONINFRINGEMENT**

Defendant and Counterclaimant Novatek Microelectronics Corporation, Ltd. ("Novatek") opposes Plaintiff Honeywell International Inc. and Honeywell Intellectual Properties Inc.'s ("Honeywell") Motion to Stay as follows:

Honeywell seeks a stay of the pretrial deadlines pending the Court's adoption of Magistrate Judge Love's Report and Recommendation on Defendants' Motions for Summary Judgment of Noninfringement (Docket No. 231).[1] Implicit in Honeywell's request is the assumption that the Court will adopt Magistrate Judge Love's Report and Recommendation in its entirety. That issue is far from clear at this point.

In his Report and Recommendation, Magistrate Judge Love recommended that: (1) Defendants' Motions for Summary Judgment of Noninfringement be granted on two of the four grounds on which Defendants sought summary judgment;[2] (2) the remainder of Defendants' Motions for Summary Judgment be denied as moot; (3) Plaintiff's claims be dismissed; and (4) Defendants' counterclaims for invalidity and unenforceability be dismissed without prejudice "so the Court's claim construction opinion may be appealed."

While Novatek agrees with Magistrate Judge Love's Report and Recommendation with respect to the "opposite polarity" limitation and the "switching means" limitation (with the noted

---

[1] Because Novatek's source driver chips are not accused of directly infringing the patent-in-suit and its alleged liability for indirect infringement is predicated on use of its chips in LCD panels made by Defendants AUO and CPT, Novatek joined (Docket No. 184) in CPT's and AUO's separate motions for summary judgment (Docket Nos. 175 and 178).

[2] While Magistrate Judge Love recommended that summary judgment be granted as to the "opposite polarity" limitation with respect to all of Defendants' products, summary judgment as to the "switching means" limitation, as it currently stands, would not, according to Honeywell, apply to all of Defendants' products, leaving the possibility that additional products could later be accused by Honeywell. This issue, as well as the two other grounds on which Defendants moved for summary judgment – the "shift register" limitation and the "interface means" limitation – will be addressed in Novatek's Objections to the Report and Recommendation, due on June 2, 2009 (not June 8, 2009 as maintained by Honeywell).

caveat), Novatek respectfully disagrees with the Report and Recommendation with respect to items (2) and (4). Novatek contends that the Court should reach all four of Defendants' noninfringement arguments with respect to all of Defendants' products in order to avoid a multiplicity of actions and piecemeal appeals.³ The briefing on Defendants' motions is complete, all of the noninfringement issues raised by Defendants are ripe for determination, and a hearing on the motions is scheduled for June 9, 2009.

An appeal based on the limited issues set forth in the Report and Recommendation also favors Honeywell and may very well lead to a return trip to this Court. As Honeywell has acknowledged, the "opposite polarities" claim construction is the best argument it has on appeal, which is why it stipulated to noninfringement as to all of Defendants' products on this issue only. With respect to the "switching means" limitation, even if the Federal Circuit upholds summary judgment on this issue, it is far from clear whether the case would be over. Honeywell has contended that certain of Defendants' products – which it has yet to specify – infringe even under the Court's current claim construction for "switching means." The issue of which products are properly before the Court for purposes of Defendants' summary judgment motions has yet to be determined. *See* Novatek's and AUO's pending Motions to Strike/Enforce (Docket Nos. 171 and 172). Entry of judgment without first determining which products are in or out only invites a repeat performance before this Court. Novatek maintains that reaching all four of Defendants'

---

³ The issue of precisely which products have been properly accused by Honeywell and hence are the subject of this lawsuit is addressed in the pending Motions to Enforce Paragraph 3-6(b) of the Court's Patent Rules and to Strike Portions of [Honeywell's] Expert Reports, etc. filed by Novatek and Defendant AUO (Docket Nos. 171 and 172). These motions are scheduled to be heard at the same time as the Motions for Summary Judgment (June 9, 2009). Entry of judgment as set forth in the Report and Recommendation would mean that these motions would not be heard.

noninfringement arguments as to <u>all</u> of Defendants' products is the most efficient and fair way to proceed. This will be addressed further in Novatek's objections to the Report and Recommendation. In the meantime, however, Novatek submits that the parties should adhere to the present schedule.

Absent an adjudication of all of Defendants' noninfringement defenses as to all of their products, Novatek intends to proceed with the trial (scheduled for July 13, 2009) on its counterclaims for invalidity and unenforceability of the patents-in-suit if permitted to do so. A stay of the pretrial deadlines will almost assuredly require a postponement of the trial, which Novatek can ill-afford. Honeywell has sued numerous Novatek customers and threatened many others with infringement actions. Novatek must defend itself and its customers from further litigation by Honeywell on the patent-in-suit. While Magistrate Judge Love has now recommended that summary judgment of noninfringement be granted as to certain limited issues and accused products, it is far from certain whether such a ruling – assuming it is adopted by the Court – will prevent Honeywell from continued assertion of the patent-in-suit. At this point, Novatek must proceed with its counterclaims for invalidity and unenforceability or almost assuredly be confronted with continued litigation by Honeywell against its customers.

Honeywell's assertion that invalidity is "inextricably tied" to claim construction hurts, rather than helps, Honeywell's cause. First, Novatek's inequitable conduct claim is not tied to claim construction. Second, Novatek is prepared to prove that the patent-in-suit is invalid under either sides' claim constructions. Finally, proceeding with the invalidity trial now will tee up all relevant claim construction issues on appeal rather than the piecemeal approach urged by Honeywell in which only one or two claim construction issues are dealt with at a time.

The hardship imposed on Honeywell to proceed with the pretrial filings pertaining to

Novatek's counterclaims is no more than the hardship imposed on Novatek in defending this action for nearly two years. Honeywell has aggressively pursued its claims against Novatek and the other Defendants even after the Court's *Markman* ruling which clearly demonstrated that Defendants do not infringe the patent-in-suit. It is only now when confronted with defending itself against Novatek's counterclaims that Honeywell seeks clemency. Honeywell has known that these deadlines were looming for months and presumably is well under way in its pretrial preparations.[4] Finally, deferring the pretrial deadlines – and presumably the trial itself – will have a negative impact on the parties' ongoing settlement discussions (referred to in the recently-filed Motion to Modify the Docket Control Order (Docket No. 219)).

For the reasons set forth above, Novatek maintains that fairness and efficiency dictate that the parties continue to adhere to the existing pretrial and trial schedule and that Honeywell's Motion to Stay be denied accordingly.

DATED: May 21, 2009    Respectfully submitted,

By: */s/ Theodore T. Herhold*
Michael C. Smith
Siebman, Reynolds, Burg, Philips & Smith, LLP
713 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 938-8900/Fax: (972) 767-4620
Email: michaelsmith@siebman.com

Theodore T. Herhold
Townsend and Townsend and Crew LLP
379 Lytton Avenue
Palo Alto, CA 94301-1431
Tel: (650) 326-2400/Fax: (650) 326-2422
Email: ttherhold @townsend.com

---

[4] The pretrial deadlines were recently moved back at the request of Honeywell (Docket No. 221). *See* Exh. 1 attached hereto.

Andrew F. Pratt
Adduci Mastriani & Schaumberg LLP
1200 Seventeenth Street, N.W. , 5th Floor
Washington, DC 20036
Tel.: (202) 467.6300/
Fax: (202) 466.2006
Email: pratt@adduci.com

Attorneys for Defendant & Counterclaimant,
NOVATEK MICROELECTRONICS CORP., LTD.

61960421 v1

- 5 -

- 1 -

**CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 21st day of May, 2009. Any other counsel of record will be served by first class mail.

                                                 /s/ *Theodore T. Herhold*
                                                     Theodore T. Herhold