**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| HONEYWELL INTERNATIONAL INC. and HONEYWELL INTELLECTUAL PROPERTIES INC., | § § § § | |
| Plaintiffs/Counterdefendants, | § § | Case No.    6:07-CV-00125 (LED) |
| v. | § § | **JURY TRIAL DEMANDED** |
| ACER AMERICA CORP., AU OPTRONICS CORP., AU OPTRONICS CORPORATION AMERICA, BENQ AMERICA CORP., BENQ USA CORP., CHUNGHWA PICTURE TUBES, LTD., and NOVATEK MICROELECTRONICS CORPORATION, LTD. | § § § § § § § § § | |
| Defendants/Counterclaimants. | § § | |
| AND RELATED COUNTERCLAIMS | § § § § | |

<u>**NOVATEK MICROELECTRONICS CORPORATION, LTD'S SUR-REPLY IN OPPOSITION TO HONEYWELL'S MOTION TO STRIKE**</u>

## I.      INTRODUCTION

Honeywell's reply goes no further than its motion in establishing that the Court should exclude Mihara (U.S. Patent No. 5,058,944 issued to Mihara et al.) and the expert testimony of Mr. Stewart comparing the circuits of Mihara with the asserted claims, and in fact introduces a number of misrepresentations of the record and attempts to introduce expert testimony that is belated both as support for its motion and with respect to the deadline for expert reports.

Novatek established that Mr. Stewart has sufficient expertise with FLC chemistry.  *See* Novatek's Opposition Brief (Docket #220) ("Opposition").  However, contrary to Honeywell's motion and new assertions on reply, this is a red herring.  The '823 Patent is directed to circuitry for driving liquid crystal ("LC") displays with pixels of an underspecified nature, not the electrochemical properties of ferroelectric LC ("FLC") or any other particular LC material.  If Honeywell has criticisms of Mr. Stewart, it is free to examine him at trial.  Exclusion of his testimony, however, is unwarranted.

## II.     ARGUMENT

Novatek established that Mr. Stewart is qualified to testify regarding the comparison of Mihara and the asserted claims.  Honeywell did not set forth any supportable challenge to this qualification.  Moreover, it would be improper to exclude Mihara just because it describes display drivers for FLC pixels.  Neither the asserted claims nor a proper claim construction excludes FLC pixels and Mihara describes many variations of displays.

### A.      Novatek is Entitled to Present Evidence of Invalidity Due to Anticipation by, or Obviousness Over, Mihara

Mihara is a relevant reference.  It shows elements that can be mapped to elements of the asserted claims.  It does not matter that parts of Mihara describe technology that is not in the asserted claims or described in the '823 Patent.

1.      **The Asserted Claims Are Not Limited to Displays With Pixels of a Particular LC Material**

Claim 1, the only asserted independent claim, recites, inter alia, "a first plurality of lines of LCD pixels" and "a second plurality of lines of LCD pixels."  These elements are not limited to nematic LC or LCD pixels of nematic LC material.  Instead, the claims recite lines of pixels, without limitation on type of LC material.  The remaining claim language is directed to circuit elements (shift register, latch, switching means, interface means) that take serial display data and output it to pixels in a parallel form, alternating in polarity.  The nature of the LC material in the pixel is not contemplated by the claim language or Honeywell's proposed constructions.

If the claims required limitation to nematic LC pixels to exclude prior art references such as Mihara, Honeywell would have requested a claim construction that construes "pixel" as being limited to pixels of nematic liquid crystal material.  Honeywell was well aware of Mihara[1] several months before claim construction, but did not put forth any such claim construction or otherwise contest the relevance of Mihara.  Honeywell's extensive eleventh-hour declaration from Dr. Drabik and 70+ pages of extrinsic evidence is belated as: (1) P.R. 4-2 extrinsic evidence, (2) rebuttal expert report, and (3) affirmative evidence supporting a motion.[2]

---

[1]  Mihara was disclosed in Novatek's Invalidity Contentions and Disclosures Under Local Patent Rules 3-3 and 3-4, served April 28, 2008.

[2]  Novatek objects to Honeywell's attempt to introduce Dr. Drabik's belated 21-page rebuttal expert report in the guise of a declaration in support of a reply brief.  Honeywell had ample opportunity to rebut Mr. Stewart's testimony related to Mihara before the Court's deadline for rebuttal expert reports.  Not only is the new testimony belated expert opinion (i.e., if Honeywell had timely submitted this rebuttal testimony, it could have cited to Dr. Drabik's rebuttal report rather than submitting a new declaration with new testimony), it is improper to submit this type of evidence on reply when it could have been provided with the moving papers.  Novatek requests that the Court disregard and strike Dr. Drabik's reply declaration or provide Novatek the opportunity to depose Dr. Drabik regarding the declaration at Honeywell's expense (including reasonable expense for expert and attorney preparation time for such a deposition and all reasonable costs and expenses incurred related to the deposition).

### 2.    The '823 Patent Does Not Reference a Particular LC Material

The '823 Patent specification lacks discussion of the attributes of different LC material.

Thus, the claims are not so limited.  The nature of the material in the pixel is not central to the

claim language.  If it was, as Honeywell asserts, one would expect some discussion in the

specification of the properties of the LC material, how it behaves, what voltages are used, etc.

No such discussion is in the specification of the '823 Patent, and Honeywell points to none.[3]

The '823 Patent description of some characteristics, behaviors or constraints on pixels is

not sufficient to teach a particular LC material.  Mr. Stewart explained this in his declaration.

Docket #220-2 ("Stewart Decl."), at ¶¶ 14-17.  The scant teachings of the '823 Patent would not

have led a person of ordinary skill in the art to conclude that the inventors were necessarily

referring to nematic LC material.  The few described characteristics, behaviors or constraints on

pixels that are described are applicable to other types of LC materials.  *Id*.  If there is a dispute

between the experts on this issue, it should be fought out in the courtroom, not via motion

practice.

### 3.    The Circuits of Mihara Can Be Understood Without Reference to the Particular LC Material Used

As Mr. Stewart has explained, the '823 Patent can be understood without reference to

details of the particular LC material used.  The '823 Patent provides no detail as to the voltage

values applied to pixels, the timing, etc.  It merely shows that serial data is taken from an input

and applied to parallel outputs.  Likewise, the circuits of Mihara be understood without detailed

examination of the particular LC material used.  For example, a circuit (e.g., in Mihara) that

---

[3]   Indeed, if the material in the pixel was truly important, the '823 Patent would likely be invalid for lack of written description, enablement, and/or indefiniteness, on grounds beyond those asserted to date.

comprises (1) a shift register, (2) a latch, (3) a level shifter and (4) drivers in order to output

voltages of alternating polarities would anticipate a claimed (e.g., in the '823 Patent) (1) shift

register, (2) latch, (3) level shifter and (4) drivers in order to output voltages of alternating

polarities, regardless of the electrochemical makeup of the pixels driven by such the circuit.

### 4.    Mihara's Circuit Elements Can be Compared to the Elements of the Asserted Claims Without Reference to Specific LC Material

Honeywell asserts in its reply that "because the properties of the FLC material used in

Mihara are central to Mr. Stewart's analysis, this lack of experience is critical."  Reply Brief, p. 1.

The properties of the FLC material are nowhere as important as Honeywell asserts, at least as far

as the asserted claims are concerned, as explained above.  As explained throughout Mr. Stewart's

expert report, Mihara teaches lines of LCD pixels, drivers, switching means, interface means, a

latching device and a shift register.  Each of these elements is easily understood without

reference to the properties of the LC material that those circuits drive based on the knowledge of

one of ordinary skill in the art who was trying to succeed.  The circuits of Mihara could have

been understood and compared to what is claimed in the '823 Patent without reference to the

properties of LC materials.

### B.    Mr. Stewart is Qualified to Opine on Mihara

As explained above, given the actual facts of this case, it does not take specific expertise

in properties of LC materials to be able to understand the '823 Patent and Mihara.  Novatek

demonstrated that Mr. Stewart has more than enough expertise to opine on a comparison of the

asserted claims to Mihara.

First, Novatek showed that Mr. Stewart has considerable experience with electronic

circuits used in LCD panels.  Honeywell does not dispute that.  Motion, p. 6.  Second, Mr.

Stewart's expert report and declaration show that his experience includes dealing with various

LC materials used in panels including FLC pixels, studying and peer-reviewing papers on electrochemical properties of FLC displays and other qualifications.  Third, if the Court accepts as true Honeywell's incorrect assertion that Mr. Stewart lacks appropriate experience, Mr. Stewart's testimony about Mihara would become even more persuasive, showing that the claims would have lacked novelty in view of Mihara, even to persons without FLC experience.  If Honeywell wishes to challenge Mr. Stewart's expertise, it is free to do so at trial.

### C.  Honeywell's Showing

As further proof that Honeywell recognizes that Novatek has made the required showing under *Daubert*, Honeywell apparently feels compelled to miscite and twist the facts not once, but three times in a five page reply.

First, they repeatedly argue the fact that the '823 Patent specification describes nematic liquid crystal when it does not.  *See*, Opposition, p. 6 at ¶¶ 3-4.  Second, Honeywell asserts that Mr. Stewart testified that the '823 Patent describes the use of twisted nematic LC pixels.  Reply, at p. 4 and Ex. G.  He *actually* said that he wasn't sure the '823 Patent discusses any LC material.  *Id.*, at Ex. G, at 206:19-23 (Stewart Depo.).  Third, Honeywell stated that "Mr. Stewart has not designed or worked with displays using FLC; nor has he published any articles related to FLC," citing Stewart Decl. ¶25.  Rather, Mr. Stewart had designed drivers that could be used with FLC, has evaluated FLC for a design, and has been aware of industry knowledge of FLC.  Stewart Decl., at ¶¶ 23-26.  The fact is, Honeywell has failed to carry its heavy burden to exclude Mr. Stewart's testimony.

DATED:  June 1, 2009                Respectfully submitted,


                                    By:     /s/ *Theodore T. Herhold*
                                            Theodore T. Herhold
                                            Townsend and Townsend and Crew LLP

379 Lytton Avenue
Palo Alto, CA  94301-1431
Tel: (650) 326-2400
Fax: (650) 326-2422
Email: ttherhold @townsend.com

Michael C. Smith
Siebman, Reynolds, Burg, Philips & Smith, LLP
713 South Washington Avenue
Marshall, Texas  75670
Tel: (903) 938-8900
Fax: (972) 767-4620
Email: michaelsmith@siebman.com

Andrew F. Pratt
Adduci Mastriani & Schaumberg LLP
1200 Seventeenth Street, N.W. , 5th Floor
Washington, DC 20036
Tel.: (202) 467.6300/
Fax: (202) 466.2006
Email: pratt@adduci.com

Attorneys for Defendant & Counterclaimant,
NOVATEK MICROELECTRONICS CORP., LTD.

61986498 v1

## **CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system

per Local Rule CV-5(a)(3) on this 1st day of June, 2009.  Any other counsel of record will be

served by first class mail.

                                       /s/  *Theodore T. Herhold*
                                         Theodore T. Herhold

61986498 v1